IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIE M. PARROTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-002-RAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Christie M. Parrott (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).
2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on February 11, 1975 and was 35 years old at the time of the ALJ's latest decision. Claimant completed her GED. Claimant has worked in the past in innumerable jobs - some 50 over an 18 year period. Claimant reached substantial gainful activity

3

level of income in 1999 and 2002. Claimant alleges an inability to work beginning July 1, 2003. Claimant contends she can no longer work due to limitations resulting from asthma, bronchitis, heart problems, anxiety, and cyclic leucopenia.

## Procedural History

On February 2, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted before ALJ Edward Thompson on March 6, 2007 in Ardmore, Oklahoma. On May 24, 2007, the ALJ issued an unfavorable decision on Claimant's applications. On October 30, 2008, the Appeals Council denied review of the ALJ's decision. Claimant appealed the decision. On March 31, 2009, this Court granted an Agreed Motion to Remand Pursuant to Sentence Six because Defendant could not locate all of the exhibits utilized in Claimant's case. Subsequently, the Appeals Council vacated the ALJ's decision and remanded the case for another hearing on December 2, 2009. On May 19, 2010, the ALJ issued another decision and the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for

purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a cleaner - commercial/industrial, cleaner - housekeeper, kitchen helper, and delivery driver.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to evaluate the medical opinions in the record under the correct legal standard and failed to state the weight given to the opinions; (2) failed to develop the record in order to update the record on remand; and (3) arriving at unsupported findings regarding the nature of Claimant's past relevant work or that Claimant could sustain the work on a regular and continuing basis.

**Evaluation of the Medical Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma, obesity, affective disorder (major depressive disorder), anxiety related disorder (agoraphobia), and substance addiction disorder (crank abuse). (Tr. 17). He concluded that Claimant retained the RFC to perform at all

5

exertional levels with the limitations that she be limited to carrying out simple and some detailed tasks under routine supervision, concentrate for simple tasks, relate for work purposes to supervisors and co-workers, adapt to change, and secure transportation. The ALJ found Claimant may experience occasional absence or slowed production when depression or anxiety is more severe. A 15% reduction in pace and production was assumed and Claimant should avoid frequent contact with the public. (Tr. 21). The ALJ concluded further after consultation with the vocational expert that Claimant could perform her past relevant work as a cleaner - commercial/industrial, cleaner - housekeeper, kitchen helper, and delivery driver. (Tr. 23).

Claimant contends several medical opinions were not properly evaluated. She refers to the ALJ's discussion of the opinion of Dr. Burnard Pearce reflected in the Mental Residual Functional Capacity Assessment dated November 17, 2005. Dr. Pearce found Claimant was moderately limited in her ability to understand and remember instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, and ability to interact appropriately with the general public. (Tr. 179-80). Dr. Pearce's functional assessment states that Claimant is able to carry out simple and some detailed tasks

under routine supervision, should avoid frequent contact with the general public and excessively stressful work environments, be able to relate to work purposes to supervisors and co-workers, and able to accept changes. (Tr. 181).

The ALJ found Dr. Pearce's opinions to be "well supported by the evidence and is not inconsistent with the majority of the evidence of record." (Tr. 20). Curiously, Claimant asserts that the ALJ applied the "controlling evidence standard" to Dr. Pearce as a non-treating physician source which represents the wrong standard. The ALJ does not appear to have considered Dr. Pearce as a treating physician in any regard and this Court rejects Claimant's argument in this regard.

Claimant is also critical of the ALJ's treatment of the medical opinion of Dr. Karen Kendall. Dr. Kendall completed a Mental Residual Functional Capacity Assessment form on Claimant on June 20, 2005. She found moderate limitations on Claimant's ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and the

7

ability to interact appropriately with the general public. (Tr. 150-51). She stated in her functional capacity assessment that Claimant was able to carry out simple and some detailed tasks under routine supervision, was able to concentrate for simple tasks, may experience occasional absence or slowed production when depression or anxiety is more severe, should avoid frequent contact with the public, was able to relate for work purposes to supervisors and co-workers, and was able to adapt to change and secure transportation. (Tr. 152). In her Psychiatric Review Technique, Dr. Kendall concluded Claimant was moderately limited in her activities of daily living, had difficulties maintaining social functioning, and had difficulties in maintaining concentration, persistence, or pace. (Tr. 165).

The ALJ did not discuss Dr. Kendall's opinion at all in his decision. An ALJ must consider consultative examiner's opinions and state the weight provided to each. McAnally v. Astrue, 2007 WL 2083750, 3 (10th Cir. (Okla.)); Soc. Sec. R. 96-6p. The ALJ shall consider Dr. Kendall's opinion on remand.

Claimant also contends the ALJ erred in ignoring many aspects of the opinions of Dr. Patrick Turnock. Dr. Turnock evaluated Claimant on May 21, 2005. He found Claimant suffered from Social Phobia and Major Depressive Disorder, Severe. (Tr. 147). Dr.

8

Turnock stated Claimant "is experiencing severe anxiety and depression which are overwhelming her limited resources of emotional coping." He also found Claimant needed to see a competent psychotherapist for individual counseling and an adjustment of her anti-depressant medication. (Tr. 148). Claimant also needed assistance in managing her funds. (Tr. 149).

Again, the ALJ failed to discuss the weight afforded Dr. Turnock's opinions. He further failed to consider the totality of his diagnoses and recommendations, choosing rather to consider only those that supported his findings.

This Court also agrees that the ALJ failed to adequately cite to the supporting record in reaching his RFC. He recited that Claimant had a 15% reduction in pace and production but failed to cite to the record to support such a specific finding. (Tr. 21). This information was not developed from his hypothetical questioning of the vocational expert. (Tr. 762-64). To a certain degree, it appears the ALJ failed to transfer all of his supporting findings from his decision from May 24, 2007 to this latest opinion. (Tr. 632-38). This Court cannot do so for him. On remand, the ALJ shall re-evaluate all of Dr. Turnock's opinions on Claimant's limitations and include references to the medical evidence supporting his findings.

### Duty to Develop the Record

Claimant next contends that the ALJ should have questioned her further at the supplemental hearing after it was determined that the record was not missing exhibits on the sentence six remand. Instead, the ALJ only asked Claimant her name and social security number. Since the case is to be remanded on other grounds, the ALJ will have an opportunity to update the record with further testimony from Claimant.

### Past Relevant Work

Claimant asserts the ALJ failed to adequately ascertain whether Claimant's past work constituted substantial gainful activity. On remand, the ALJ shall develop the record with regard to whether Claimant's past work meets the regulatory standards for substantial gainful activity.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE